UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAUL LA,<br><br>　　　　Defendant. | No. 2:16-CR-00078-MCE<br><br>**ORDER** |

　　　　Defendant Paul La ("Defendant") was convicted of Arson of Property Used in or Affecting Commerce in violation of 18 U.S.C. § 844(i) and was sentenced on March 16, 2017, to sixty (60) months of imprisonment. Presently before the Court is Defendant's Motion to Reduce Sentence Pursuant to the First Step Act. ECF No. 42. This matter was referred to the Office of the Federal Defender, which subsequently filed a Supplement and a Second Supplement to that Motion. ECF Nos. 47, 54. The Government opposes Defendant's request. ECF No. 53. For the reasons that follow, his Motion is DENIED.

///

///

///

///

According to Defendant, his current projected release date is September 4, 2021. Defendant contends that an earlier compassionate release is warranted, however, because he is sixty-two (62) years old and "suffers from cervicalgia, or neck pain, low back pain, eczema, and bilateral shoulder pain." Def. Supp., ECF No. 47, at 4. "He requires support to walk and is unable to climb stairs or get into an upper bunkbed." Id. Finally, "[h]e is unable to lift over 15 pounds." Id.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)). Those circumstances are delineated in 18 U.S.C. § 3582(c). "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated administrative procedures, to file a motion with the district court for compassionate release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). That statute now provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met:  (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Since Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the

3

safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

> (A) Medical Condition of the Defendant.
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a **serious physical or medical condition**,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that **substantially diminishes the ability of the defendant to provide self-care** within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

Defendant argues that he suffers from a "serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care," and he bears the burden of showing he is consequently entitled to relief. United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020). He has not met that burden here.

Defendant's own medical records and exhibits undermine his position. He is on "regular duty status food service eligible with restrictions of no ladders, climbing, or lifting more than 15 pounds" and has proven capable of taking numerous enrichment courses, such as guitar, during his incarceration. Def. Mot. Exs. D, F, G. Especially given his

///

ability to engage in self-improvement efforts, the foregoing minimal restrictions do not support a finding of diminished self-care capacity.

Nor has Defendant shown that his BOP facility is unable to adequately manage and/or treat his medical conditions. "To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from . . . chronic conditions that [he] is not expected to recover from." United States v. Weidenhamer, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019). "Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." Id.

Finally, the current crisis surrounding the COVID-19 pandemic also does not justify release. "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." United States v. Eberhart, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020).

Defendant's Motion to Reduce Sentence Pursuant to the First Step Act (ECF No. 42) is thus DENIED.

IT IS SO ORDERED.

Dated: April 28, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE